UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NISHANTH SIVANANTHAN,<br><br>    Plaintiffs,<br>    v.<br><br>ANTONY J. BLINKEN, *et al.*,<br><br>    Defendants. | Civil Action No. 23-1181 (CKK) |

**MEMORANDUM OPINION**
(August 1, 2023)

On April 28, 2023, Plaintiff Nishanth Sivananthan filed a [1] Complaint seeking a judgment compelling Defendants Antony Blinken, Secretary of State; Conn Schrader, Director, National Visa Center, U.S. Department of State; and Danette Sullivan, Chief of the Consular Section, U.S. Embassy in Colombo, Sri Lanka (together, "Defendants"), to render a decision on his EB-3 visa application within sixty days, pursuant to the Administrative Procedure Act's ("APA") bar on "unreasonabl[e] delay." 5 U.S.C. § 706(1). After being served in May, Defendants filed the [9] Unopposed Motion for Extension of Time to Respond to the Complaint in July, which the Court granted, extending Defendants' deadline to respond to Plaintiff's Complaint until September 8, 2023. *See* Minute Order, July 5, 2023.

The Court then issued an order stating that the matter was before the Court on *sua sponte* review of Plaintiff's [1] Complaint ("Compl."). *See* Minute Order, July 10, 2023. The Court ordered Plaintiff to show cause on or before July 31, 2023 why Plaintiff's Complaint should not be dismissed *sua sponte* for failure to state a claim. *Id.* That date having passed with no such filing, the Court now issues an opinion. Upon review of the Plaintiff's [1] Complaint, the

relevant legal authority, and the record as a whole, the Court shall *sua sponte* **DISMISS** Plaintiffs' [1] Complaint in its entirety.

## I.  BACKGROUND

Plaintiff Nishanth Sivananthan is a citizen of Sri Lanka who seeks issuance of an E-3 immigrant visa. Compl. ¶¶ 13, 15. Mr. Sivananthan was offered employment as a full-time line cook at a restaurant business in York, Pennsylvania. *Id.* ¶ 13. His employer applied for and obtained the Program Electronic Review Management (PERM) Labor Certification in April 2020. *Id.* ¶ 14. In June 2020, they filed Form I-140, Immigrant Petition for Alien Worker, which was approved on January 21, 2021. *Id.* At that time, Plaintiff applied for an immigrant visa under the third employment preference, EB-3, at the United States Consulate in Colombo, Sri Lanka. *Id.* ¶ 15. On March 24, 2022, Mr. Sivananthan attended a consular interview in Colombo; at the end of the interview, he was given a letter stating that his visa was tentatively approved. *Id.* ¶ 16. His application remains pending. *Id.* ¶ 17. Mr. Sivananthan and his attorney have contacted the U.S. Consulate in Colombo multiple times via email; in their initial replies, the consulate officials stated that a final decision could not be made due to "certain pending clearances." *Id.* They last reached out in December 2022 and did not receive a reply. *Id.*

In Plaintiff's Complaint, he argues that "Defendants' prolonged delay in adjudicating Plaintiff's immigrant visa application constitutes an unreasonable delay and violates Plaintiff's rights under the Administrative Procedure Act." *Id.* ¶ 18. He continues that he "cannot plan for the future and lacks basic information like when to expect an adjudication, leaving him under constant stress and uncertainty." *Id.* ¶ 19. Furthermore, Mr. Sivananthan has allegedly "lost considerable income that they would have earned had they started working in the United States as planned," creating "a significant financial strain on Mr. Sivananthan's financial situation." *Id.*

Finally, he states that the delay has caused him to "miss the opportunity to work and gain professional experience in the United States," which has "stifled his career growth and [] created a professional setback."  *Id.*  Accordingly, Plaintiff seeks an order compelling Defendants to adjudicate Plaintiff's EB-3 visa application within sixty days.  Compl. at 6.

## II.  LEGAL STANDARD

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted.  *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (RC).  However, it is well settled in this Circuit that a court may dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6) where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint.  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990) (per curiam).

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006) (PLF).

### III.  DISCUSSION

Plaintiff alleges that "Defendants' prolonged delay in adjudicating Plaintiff's immigrant visa application constitutes an unreasonable delay and violates Plaintiff's rights under the Administrative Procedure Act," and therefore the Court must "compel agency action unlawfully withheld or unreasonably delayed." Compl. ¶ 18 (citing 5 U.S.C. § 555(b), § 706(1)).  Although a court may order an agency "to perform a [mandatory] act, [i.e.,] to take action upon a matter," a court may not decide "how [the agency] shall act." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).

To determine whether a plaintiff has sufficiently alleged that agency action has been "unreasonably delayed," courts apply the familiar "*TRAC*" factors laid out in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984):

> (1)  the time agencies take to make decisions must be governed by a rule of reason;
>
> (2)  where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3)  delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4)  the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5)  the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6)  the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (internal quotation marks omitted); *see also Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) (RJL) (applying *TRAC* factors to claim for mandamus relief).  Whether a delay

is unreasonable "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful, but will depend in large part… upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). The Court now considers the various factors in turn.

### A. *TRAC* Factors One and Two

The United States Court of Appeals for the District of Columbia Circuit has explained that the first *TRAC* factor—the time agencies take to make decisions must be governed by a "rule of reason"—is the "most important," although it is generally reviewed with the second *TRAC* factor as well. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The inquiry centers on "whether the agency's response time… is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Interest v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014) (JEB). Because Congress has provided no statutory timeframe indicating how quickly it requires the State Department to adjudicate and re-adjudicate visa applications, *TRAC* factor two is inapplicable. "To the contrary, Congress has given the agencies wide discretion in the area of immigration processing." *Skalka,* 246 F. Supp. at 153–54 (noting that a two-year delay in processing an immigration visa "does not typically require judicial intervention").

In general, courts in this jurisdiction have regularly found that the Government applies a "rule of reason" to the review of visa petitions by adjudicating applications in the order they were filed. *See, e.g., Muvvala v. Wolf*, No. 20-02423 (CJN), 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) ("Other federal courts have held that this first-in, first-out method of adjudication constitutes a 'rule of reason' and satisfies the first TRAC factor."). Courts in this jurisdiction often look to the

5

length of delay as a rough yardstick to determine whether that "first-in, first-out" rule is, in fact, being applied.

Plaintiff Sivananthan had his interview in March 2022 and, since then, his application remains pending. Compl. ¶¶ 15–17. The consulate has communicated to Mr. Sivananthan that a final decision on his application could not be made due to "certain pending clearances. *Id.* ¶ 17. Plaintiffs argue that this delay—approximately thirteen months at the time of the filing of Plaintiff's Complaint, and now approximately sixteen months—is unreasonable. *Id.* ¶ 18.

However, courts in this jurisdiction routinely find that delays of numerous *years* are not unreasonable. *See, e.g.*, *Zaman v. U.S. Dep't of Homeland Sec.*, No. 19-3592 (ABJ), 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (finding that a delay of forty-two months was "insufficient to warrant emergency relief in this district"); *Pourshakouri v. Pompeo*, No. 20-0402 (RJL), 2021 WL 3552199, at *8–9 (D.D.C. Aug. 11, 2021) (finding delay of forty-four months not unreasonable); *Varghese v. Blinken*, No. 21-2597 (CRC), 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (finding delay of "around four years" does "not warrant judicial intervention, standing alone"); *Arab v. Blinken*, No. 21-1852 (BAH), 2022 WL 1184551, at *8 (D.D.C. Apr. 21, 2022) (ruling that a thirty-month delay was not unreasonable); *see also Yavari v. Pompeo*, No. 2:19-cv-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."). In the Court's show cause order, it directed Plaintiff to *Eljalabi v. Blinken*, No. 21-1730 (RC), 2022 WL 2752613, at *6 (D.D.C. July 14, 2022), which collects additional cases.

The time period for which Mr. Sivananthan's application has been in administrative processing is well within the bounds of that which other courts have found reasonable. Therefore,

6

the Court finds that the first and second *TRAC* factors do not lend credence to Plaintiff's claim.  As *TRAC* factor one is considered the "most important" factor, this finding weighs heavily in the Court's ultimate holding.

### B. *TRAC* Factors Three & Five

The third and fifth *TRAC* factors are often considered together and require the Court to consider Plaintiff's interests, health, and welfare.  *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-00397 (ABJ), 2020 WL 1308376, at *9 (D.D.C. Mar. 19, 2020).

Mr. Sivananthan alleges that he "cannot plan for the future and lacks basic information like when to expect an adjudication, leaving him under constant stress and uncertainty."  Compl. ¶ 19.  He has also "lost considerable income that they would have earned had they started working in the United States as planned," creating "a significant financial strain on Mr. Sivananthan's financial situation."  *Id.*  Finally, Plaintiff contends that he has "miss[ed] the opportunity to work and gain professional experience in the United States," which has "stifled his career growth and [] created a professional setback."  *Id.*

Although the Court is sympathetic to these concerns, it must also be mindful that "many others face similarly difficult circumstances as they await adjudication of their visa applications."  *Mohammed v. Blinken*, No. 20-3696, 2021 WL 2866058, at *6 (D.D.C. July 8, 2021) (TNM); *see also Palakuru v. Renaud*, 521 F. Supp. 3d 46, 53 (D.D.C. 2021) (TNM) ("While the Court does not doubt that [plaintiff] has an interest in prompt adjudication, so too do many others facing similar circumstances").  More specifically, the primarily personal and economic hardships that Mr. Sivananthan alleges are "not of the severity or kind that other courts have found tilt the third and fifth factors in favor of similarly situated plaintiffs."  *Punt v. U.S. Citizenship and Immigr. Servs.*, No. 22-1218 (RC), 2023 WL 157320, at *5 (D.D.C. Jan. 11, 2023); *see also Desai v. U.S.*

*Citizenship and Immigr. Servs.*, No. 20-1005, 2021 WL 1110737 (CKK), at *7 (D.D.C. March 22, 2021) (stating that the inability to supervise investment in the United States or plan for the future were "purely economic" harms insufficient to tilt the third and fifth TRAC factors for the plaintiff in claim of unreasonable delay of EB-5 petition); *Telles v. Mayorkas*, No. 21-395 (TJK), 2022 WL 2713349, at *4 (D.D.C. July 13, 2022) (noting that the plaintiff's "expense, stress, and uncertainty" from inability to start new job in New York until receiving EB-5 visa were "far from the allegations of health and welfare harm found in other cases" (internal quotation marks and citations omitted)).

As such, the third and fifth factors, on balance, do not support Plaintiff's case.

C. *TRAC* Factor Four

Next, *TRAC* factor four requires an assessment of "the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80.

Granting Mr. Sivananthan the relief he seeks would merely "reorder a queue of applicants seeking adjudication." *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (BAH). The D.C. Circuit has emphasized the importance of considering "competing priorities" in assessing the "reasonableness of an administrative delay"–even "refus[ing] to grant relief when all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue [would] simply move[] all others back one space and produce[] no net gain." *Mashpee Wampanaoag Tribal Council, Inc.*, 336 F.3d at 1100 (quoting *In re Barr*, 930 F.2d 72, 75 (D.C. Cir. 1991)); *see also Ghadami*, 2020 WL 1308376, at *9 (finding that "expediting review in [the plaintiff's] case would merely direct government resources from the adjudication of other waiver applications"). Any such order would plainly interfere with the agency's "unique—and

authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." *In re Barr*, 930 F.2d at 76.

Courts in this jurisdiction, including *this* Court, routinely decline to grant relief that would place one prospective visa applicant ahead of others. *See, e.g.*, *Xiaobing Liu v. Blinken*, 544 F. Supp. 3d 1, 13 (D.D.C. 2021) (TJK) ("This factor not only favors Defendants, but ends up altogether dooming Plaintiffs' claims of unreasonable delay."); *Verma v. U.S. Citizenship and Immigr. Servs.*, No. 20-3419 (RDM), 2020 WL 7495286, at *9 (D.D.C. Dec. 18, 2020); *Dehghanighanatghestani v. Mesquita,* No. 22-2595 (CKK) 2022 WL 4379061, at *7 (D.D.C. Sept. 22, 2022); *Pushkar v Blinken*, No. 21-2297, 2021 WL 4318116, at *7 (D.D.C. Sept. 23, 2021) (CKK); *Desai*, 2021 WL 1110737, at *7; *Manzoor v. USCIS*, No. 21-2126 (CKK), 2022 WL 1316427, at *5–*6 (D.D.C. May 3, 2022). The Court will now do the same here, finding that the fourth *TRAC* factor weighs strongly against Plaintiff.

**D.  *TRAC* Factor Six**

Finally, the sixth *TRAC* factor states that a "[c]ourt need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed." *Ghadami*, 2020 WL 1308376, at *9.  The Court "must determine whether the agency has acted in bad faith in delaying action." *Gona v. U.S. Citizenship & Immigr. Servs.*, 20-3680 (RCL), 2021 WL 736810, at *5 (D.D.C. Feb. 25, 2021).

Here, Plaintiff has not alleged any bad faith on the part of Defendants. *See generally* Compl.  As *TRAC* directs, however, the lack of plausible allegations of impropriety does not weigh against Mr. Sivananthan, and therefore does not alter the Court's analysis. *See Palakuru*, 2021 WL 674162, at *6 (considering the sixth TRAC factor "neutral" even though the plaintiff

9

alleged that the government had engaged in "purposeful delay" and "artificially inflate[d] [] processing times").

* * *

Altogether, the Court finds that, based on the Court's analysis under the *TRAC* factors, it is "patently obvious" that Plaintiff Sivananthan cannot prevail on the facts alleged in his Complaint to make out a claim for unreasonable delay of his visa application. Therefore, the Court concludes that Plaintiff's Complaint must be dismissed *sua sponte* for failure to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court shall shall *sua sponte* **DISMISS** Plaintiffs' [1] Complaint in its entirety. An appropriate order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge